UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GREGORY PAUL VIOLETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21-cv-00148-DBH |
| | ) | |
| PHAROS HOUSE, et al., | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION AFTER REVIEW
## OF PLAINTIFF'S COMPLAINT

Plaintiff seeks to assert a claim that is evidently related to an alleged violation of the terms of his home confinement on a federal sentence. (Complaint, ECF No. 1.)

In addition to his complaint, Plaintiff filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted.  (ECF No. 4.)   In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

### DISCUSSION

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action.  When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."   28 U.S.C. §

1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

Plaintiff alleges that while he was on home confinement, he was unfairly required to stay at the Pharos House, which is a re-entry center for individuals completing a federal sentence. Plaintiff asserts that he was directed to stay at the Pharos House for ten days in July-August 2020 for tampering with his ankle monitor, but the monitor strap "let go" due to his swollen ankle. While Plaintiff does not assert a theory of recovery, Plaintiff arguably alleges Defendants lacked a legal basis to return him to a more restrictive living situation.

To the extent Plaintiff attempts to allege a Fourth Amendment claim based on

Defendants' allege lack of probable cause to find a violation of the terms of his home confinement, Plaintiff's argument fails.  First, because Plaintiff was in custody while under home confinement with the ankle monitor, his Fourth Amendment interest is somewhat limited and the decision to revoke the home confinement and place Plaintiff in re-entry center for a period of time was within the discretion of the Bureau of Prisons.  *See e.g.*, *United States v. Lopez-Pastrana*, 889 F.3d 13, 18 (1st Cir. 2018) ("Home confinement is treated as a form of 'custody' under federal law"); *United States v. Caiado*, No. 8:17-CR-561-T-17TGW, 2019 WL 5653810, at *2 (M.D. Fla. Oct. 31, 2019) ("The Court notes that it is within BOP's discretion to determine if and when Defendant Caiado qualifies for prerelease custody in home confinement.  The decision whether to place a prisoner in home confinement is solely within the discretion of the BOP and the Attorney General"); *Lyttle v. Inch*, No. 217CV00153JMSDLP, 2018 WL 1410192, at *2 (S.D. Ind. Mar. 21, 2018) (placement decisions, including home confinement, are generally not open to legal challenge).

In addition, even if the Fourth Amendment applied and afforded Plaintiff some protection under the circumstances, Plaintiff could not recover. The Fourth Amendment prohibits unreasonable searches and seizures and provides that no warrant shall issue except on a showing of "probable cause, supported by oath or affirmation."  U.S. Const. amend. IV.  An exception to the warrant requirement exists when an officer makes an arrest for a crime committed in the officer's presence.  *Virginia v. Moore*, 553 U.S. 164, 176 (2008).  Probable cause for an arrest exists if, "at the time of the arrest, the facts and circumstances known to the arresting officers were sufficient to warrant a prudent person

in believing that [the individual] had committed or was committing a crime." *United States v. Torres-Maldonado*, 14 F.3d 95, 105 (1st Cir. 1994). While Plaintiff maintains he was not responsible for the monitor strap letting go, "the facts and circumstances known to [Defendants] were sufficient to warrant a prudent person in believing that [Plaintiff] had committed or was committing [a violation of his release conditions]." *Id.* Plaintiff, therefore, cannot establish that Defendants lacked probable cause and thus has not alleged an actionable claim regardless of the extent of Plaintiff's Fourth Amendment interest.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of August, 2021.